UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS DWAYNE COULTER, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 18-1206-JDT-cgc |
| | ) | |
| STATE OF TENNESSEE, | ) | |
| | ) | |
|     Defendant. | ) | |

ORDER DISMISSING AMENDED COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

    The *pro se* prisoner Plaintiff, Travis Dwayne Coulter, filed an unsigned document that was docketed as a *pro se* civil complaint against the State of Tennessee. (ECF No. 1.) The Court issued an order on October 29, 2018, granting Coulter's motion to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) On October 31, 2018, the Court dismissed the complaint for failure to state a claim but granted leave to file an amended complaint within twenty-one days. (ECF No. 6.) Coulter filed an amended complaint on November 8, 2018. (ECF No. 7.) He also filed a notice of correction to the amendment on November 9, 2018. (ECF No. 8.)

    The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 6 at 2-4), and will not be reiterated here.

The Court dismissed Coulter's original complaint because his claim against the State of Tennessee is barred by the Eleventh Amendment's grant of sovereign immunity. The amended complaint merely restates Coulter's allegation that it is a violation of Double Jeopardy to require him to comply with Tennessee's 2004 sex offender registration law, which was not in effect when he was convicted of the offenses qualifying him as a sex offender, even though the sentences for those qualifying offenses have been fully served. That claim against the State of Tennessee remains barred by sovereign immunity.

For the same reasons set forth in the prior order of dismissal, the Court DISMISSES Coulter's amended complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). Leave to further amend the complaint is DENIED.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Coulter in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Coulter would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Coulter nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take

advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Coulter is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Coulter, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE